NATURAL RESOURCES DEFENSE COUNCIL, INC., Project on Clean Air, Save America's Vital Environment, Inc., Janey Weber and Susanne Allstrom, Petitioners,

v.

ENVIRONMENTAL PROTECTION AGENCY, Respondent.

No. 72–2402.

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1976.

See also, 5 Cir., 529 F.2d 755.

Richard E. Ayres, Washington, D. C., Ogden Doremus, Metter, Ga., for petitioner.

Russell E. Train, Washington, D. C., Kent Frizzell, Asst. Atty. Gen., Edmund B. Clark, John D. Helm, Attys., Dept. of Justice, Washington, D. C., Charles W. Shipley, Pollution Control Section, Dept. of Justice, Washington, D. C., for respondent.

Joe Resweber, County Atty., Harris County, Charles J. Wilson, Asst. County Atty., Houston, Tex., amicus curiae, for Harris County.

Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Executive Asst. Atty. Gen., Don A. Langham, Robert S. Bomar, Asst. Attys. Gen., Robert E. Hall, Deputy Asst. Atty. Gen., Atlanta, Ga., for State of Ga., intervenor.

Before WISDOM, DYER and INGRAHAM, Circuit Judges.

WISDOM, Circuit Judge:

The Natural Resources Defense Council (NRDC) has requested an award of reasonable attorneys' fees to defray the litigation expenses of *Natural Resources Defense Council v. EPA,* 5 Cir. 1974, 489 F.2d 390, *rev'd in part sub nom., Train v. Natural Resources Defense Council,* 1975, 421 U.S. 60, 95 S.Ct. 1470, 43 L.Ed.2d 731. The suit challenged the approval by the Environmental Protection Agency (EPA) of the State of Georgia's plan for achieving the federal ambient air quality standards under the Clean Air Amendments of 1970, 42 U.S.C. §§ 1857–58a (1970). Agreeing with the NRDC's four objections to approval,[1] this Court ordered the Agency to disapprove three sections of the plan and to make more specific findings regarding the effect of the state's tall smokestack control strategy. On certiorari the Supreme Court sustained the EPA approval of one of the challenged sections of the plan.[2]

1. These concern (1) a provision of that Plan guaranteeing the confidentiality of secret trade information supplied to Georgia pollution control officials; (2) a provision allowing Georgia officials to grant variances from particular requirements of the law; (3) Georgia's adoption of a "control strategy" allowing "sources" of sulfur dioxide and particulate matter emissions, e. g., manufacturing plants, to avoid the necessity of installing emission reduction equipment by increasing the height of their smokestacks; and (4) provisions of the Plan directing Georgia officials to take into account economic impact and technological feasibility in the discharge of their duties under the state's air pollution control statutes.

*Natural Resources Defense Council v. EPA,* 5 Cir. 1974, 489 F.2d 390, 393.

2. *Train v. Natural Resources Defense Council,* 1975, 421 U.S. 60, 95 S.Ct. 1470, 43 L.Ed.2d 731. The agency appealed only this Court's refusal to allow Georgia officials the discretion to grant variances.

In *Alyeska Pipeline Co. v. Wilderness Society*, 1975, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141, the Supreme Court refused to award attorneys' fees to private attorneys-general in a suit against a private defendant. *Id.* at 269, 95 S.Ct. 1627, 44 L.Ed.2d at 160. The Court refused the award because Congress had not expressly allowed such fee recoveries by statute. Rather than relying on statutory authorization, the Court of Appeals had fashioned a judicial exception to the general rule against the recovery of attorneys' fees.[3] But a majority of the Supreme Court rejected the innovation of the Court of Appeals:

> [T]he [new] rule . . . would make major inroads on a policy matter that Congress has reserved for itself. Since the approach taken by Congress to this issue has been to carve out specific exceptions to a general rule that federal courts cannot award attorneys' fees . . . those courts are not free to fashion drastic new rules with respect to the allowance of attorneys fees to the prevailing party in federal litigation . . .

*Id.* at 269, 95 S.Ct. at 1627. This holding is consistent with 28 U.S.C. § 2412,[4] which forbids awards of fees except as provided by statute.

To award fees to the NRDC, we must therefore find a statutory exception to the general prohibition required by *Alyeska* and section 2412. No exception exists. The NRDC brought its suit under section 307 of the Clean Air Act, 42 U.S.C.A. § 1857h–5(b)(1) (Cum.Supp.1976). Section 307 provides expressly for the review of implementation plans and specifies the courts that can hear such appeals, the time limitation for filing petitions of review, and procedures for modifying EPA findings.[5] It does not mention attorneys' fees. Only section 304, allowing citizen enforcement of the Act in district court litigation, provides for fee recovery. Subsection 304(d)[6] limits such recovery to cases brought within subsection 304(a).[7] The question therefore is whether

---

**3.** In *Wilderness Society v. Morton*, 1974, 161 U.S.App.D.C. 446, 495 F.2d 1026, the Court of Appeals adopted an exception to the general prohibition of fee awards for private attorneys-general who sue to vindicate the public interest. The Court decided that such suits should not depend on the financial status of the private prosecutor.

> When violation of a congressional enactment has caused little injury to any one individual, but great harm to important public interests when viewed from the perspective of the broad class intended to be protected by that statute, not to award counsel fees can seriously frustrate the purposes of Congress.

*Id.* at 1030.

**4.** The section states in part:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States . . . .

**5.** The section states in part:

> (b)(1) . . . A petition for review of the Administrator's action in approving or promulgating any implementation plan under section 1857c–5 of this title or section 1857c–6(d) of this title, or his action under section 1857c–10(c)(2)(A), (B), or (C) of this title or under regulations thereunder, may be filed only in the United States Court of Appeals for the appropriate circuit. Any such peti-

tion shall be filed within 30 days from the date of promulgation, approval, or action, or after such date if such petition is based solely on grounds arising after such 30th day.

*See also* 42 U.S.C.A. § 1857h–5(c) (Cum.Supp. 1976).

**6.** The section states in part:

> (d) The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate. . . .

**7.** The section states in part:

> (a) Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf—
> (1) against any person . . . who is alleged to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this Chapter which is not discretionary with the Administrator.
> The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator

a section 307 suit can be considered as one "brought pursuant to subsection (a)" of 304.

The First Circuit has answered this question in the affirmative, relying on "common sense and the legislative history" of the 1970 amendments. *Natural Resources Defense Council v. EPA*, 1 Cir. 1973, 484 F.2d 1331, 1336. Common sense led the Court to note that the policies supporting fee awards in section 304 suits apply with equal force to section 307 litigation: encouraging meritorious citizen enforcement of the Act and deterring frivolous or harassing suits. *Id.* at 1337–38. The Court saw no reason to distinguish between section 304 suits, brought to compel agency action wrongly withheld, and section 307 suits, brought to overturn illegal agency action. "The policy of the Amendments is no less frustrated if the EPA approves an inadequate plan than if it fails to enforce an adequate plan." *Id.* at 1337. We find the logic of this policy argument compelling.

The legislative history of the Clean Air Amendments of 1970, however, stands in the way of our subscribing to the First Circuit opinion. Instead, we follow Judge Bazelon's opinion in *Natural Resources Defense Council v. EPA*, 1975, 168 U.S.App. D.C. 111, 512 F.2d 1351, which denies fee recovery in a 307 suit. The legislative history of the two sections reveals the distinct congressional purposes behind each. Section 307, originally section 308 in the Senate bill, responded to federal court cases such as *Barlow v. Collins*, 1970, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192; *Abbott Laboratories v. Gardner*, 1967, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681; and *Environmental Defense Fund v. Hardin*, 1970, 138 U.S.App. D.C. 391, 428 F.2d 1093, in which the courts refused to infer congressional intent forbidding judicial review. S.Rep. No. 1196, 91st Cong., 2d Sess. 40 (1970). According to the

Senate Report, the Public Works Committee wanted to permit judicial review clearly, as well as to limit review jurisdiction to particular courts.[8] During the explanation of section 307, the report indicates no relationship between it and section 304.

The report discusses section 304 separately, treating it as the primary vehicle for citizen participation in the enforcement of the Act. *Id.* at 36. Intended to "motivate governmental agencies charged with the responsibility to bring enforcement and abatement proceedings", the section sparked controversy in Congress. *See id.* at 38, 116 Cong.Rec. S16113–16 (daily ed. Sept. 21, 1970) (remarks of Sens. Hruska and Muskie). The attorneys' fee provision of subsection (d) appears to be directed to the controversy:

> Concern was expressed that some lawyers would use section 304 to bring frivolous and harassing actions. The Committee has added a key element in providing that the courts may award costs of litigation, including reasonable attorney and expert witness fees, whenever the court determines that such action is in the public interest. The court could thus award costs of litigation to defendants where the litigation was obviously frivolous or harassing.[9]

As Senator Muskie noted in floor debate, the committee intended to limit the effect of section 304 to enforcement suits. 116 Cong.Rec. S16116 (daily ed. Sept. 21, 1970), *see Natural Resources Defense Council v. EPA*, 512 F.2d at 1355. Consequently, we agree with the Court of Appeals for the District of Columbia that the legislative history does not support the contention that Congress intended section 307 suits to be brought pursuant to section 304.

With deference to Congress, we must say that it is unfortunate that the common

---

to perform such act or duty, as the case may be.

**8.** The limitations on jurisdiction correspond to the geographic scope of the administrative orders under review. Orders of national effect are reviewable only by the D. C. Circuit, to ensure a uniform national policy under the Act.

State-wide implementation plans, on the other hand, are reviewable in the Courts of Appeals for the circuits in which the states are located.

**9.** S.Rep. No. 1196, 91st Cong., 2d Sess. 38 (1970). The report adds that the fee awards would encourage meritorious public interest challenges.

sense policies so forcefully argued by the First Circuit must succumb to legislative intent. After *Alyeska*, however, we cannot prevent this result and must depend on Congress to restore logic to the scheme of public interest litigation under the Clean Air Act. The Senate Committee on Public Works has provided the legislative branch the opportunity to effect such a change in the recommended Clean Air Amendments of 1976. The Committee proposal would add a subsection 307(d),[10] granting federal courts the discretion to award attorneys' fees against the United States in section 307 suits. The Committee justifies the changes with the same rationale that supported the fee provision of section 304:

> This section intends to insure balance in the legal process in cases under the Clean Air Act when the United States is the plaintiff or defendant; to prevent harassment of innocent parties; and reimburse citizens who seek to enforce the law.[11]

With passage of the amendment, then, common sense and congressional intent would coalesce.

IT IS ORDERED that the motion for an award of reasonable attorneys' fees is DENIED.

Because the petitioner lost the contempt proceedings filed against the Administrator in 1975, IT IS ORDERED that the motion to allow the filing of an updated bill of costs to include expenses of the contempt proceedings is DENIED.

IT IS ORDERED further that the petitioner's original motion for costs, filed March 4, 1974, is GRANTED.

---

10. The proposed amendment states in part:
    (d) In any judicial proceeding under this Act in which the United States or an officer or employee thereof is a party . . . , any party other than the United States which prevails in such action shall recover from the United States the reasonable costs for such party's participation in such proceeding, including reasonable attorneys' fees . . . . .

11. S.Rep. No. 717, 94th Cong., 2d Sess. 82 (1976).